## PUTNAM et al. v. KEYSTONE BOTTLE STOPPER Co. et al.

*(Circuit Court, W. D. Pennsylvania.* March 22, 1889.)

1. PATENTS FOR INVENTIONS—REISSUE—ENLARGEMENT—BOTTLE-STOPPERS.
   As the specification in reissued letters patent No. 7,722, June 5, 1877, to Karl Hutter, though more ample in matters of an explanatory nature, contains nothing of importance which is not plainly disclosed in the specification and drawings in the original patent, No. 158,406, January 5, 1875, the claim which is for the combination substantially, etc., of the compound stopper, the yoke, the lever, and the supporting device on the bottle by means of three pivotal connections upon which such members can be turned relatively to each other without disconnecting either from the other, is not an enlargement of the claim of the original, which is for the bottle-stopping device composed of a pivotal lever-frame, applied to neck of bottle with eccentrically hinged yoke carrying the elastic stopper and cap-piece arranged and operated substantially, etc.

2. SAME—INFRINGEMENT—IMPROVEMENT.
   Though the device manufactured under one patent is adjudged to be an infringement of another patent, yet, where both patents are afterwards united in the same person, the infringing invention may be held to be an improvement upon the other, as against a person infringing both patents.

3. SAME—SUCCESSIVE PATENTS TO SAME PERSON—PRESUMPTION.
   From the grant of a patent to one to whom a previous patent for a similar device has been granted there arises a presumption that there is a substantial difference between them, involving a patentable invention, and that the later one is for a patentable improvement on the earlier one.

4. SAME—ACTION FOR INFRINGEMENT—INJUNCTION—PRIOR ADJUDICATION.
   A preliminary injunction should be granted in a suit to restrain the infringement of a patent, where, in other suits for the infringement of the same patent, the patent has been adjudged valid, and devices identical in every material respect with that of defendant have been held infringements.

In Equity. On motion for preliminary injunction.

Suit by Henry W. Putnam and others against the Keystone Bottle-Stopper Company and others.

*A. V. Briesen* and *W. Bakewell,* for complainants.

*William H. Doolittle,* for defendants.

ACHESON, J. The bill of complaint charges the defendants with the infringement of two letters patent for improvements in bottle-stoppers,—one granted to Karl Hutter, assignee of Charles De Quillfeldt, being reissue No. 7,722, dated June 5, 1877, of original patent to De Quillfeldt, No. 158,406, dated January 5, 1875; and the other granted to William Von Hofe, being patent No. 167,141, dated August 24, 1875. The title of the plaintiffs to these patents is not controverted.

1. The De Quillfeldt reissue, No. 7,722, has nine claims, but in-

fringement of the first claim only is here alleged.    That claim is as follows:

"The combination, substantially as before set forth, of the compound stopper, the yoke, the lever, and the supporting device on the bottle, by means of three pivotal connections, upon which the said members can be turned relatively to each other without disconnecting either one from the other."

In two suits in the Second circuit, (*Putnam* v. *Hollender*, 6 Fed. Rep. 882, and *Putnam* v. *Von Hofe*, Id. 897,) the De Quillfeldt reissue, No. 7,722, was sustained by Judge BLATCHFORD, who also there held that the first claim of said reissue was infringed by a bottle-stopper from which the bottle-stopper made and sold by the defendants does not differ in any substantial particular.    The like conclusions were reached by Judge McKENNAN in the case of *Putnam* v. *Hammer and Sunderman*,[1] a suit in this court on the De Quillfeldt reissue, wherein, after full argument, a preliminary injunction was allowed, and subsequently a final injunction was granted.    Moreover, in this case against Hammer and Sunderman, in a proceeding for contempt for violating the injunction, Judge McKENNAN held that a bottle-stopper, in every material respect identical with the stopper which the defendants manufacture, infringed the first claim of the reissue now in suit.    No such new proofs have been submitted in this case as would warrant a different conclusion, either upon the question of anticipation or the question of infringement, from that reached in the several cases referred to; and therefore, according to the prevailing rule in patent causes, in disposing of the present motion for a preliminary injunction those decisions should be accepted and followed.    *Manufacturing Co.* v. *Hickok*, 20 Fed. Rep. 116.    It is, however, strenuously urged that such effect ought not to be here given to those adjudications, because they were made before the decision touching reissues, in *Miller* v. *Brass Co.*, 104 U. S. 350, and (as is supposed) without regard to the principles there enunciated; and the defendants insist that under the doctrine established by that decision the reissue in suit must be held to be void.    But in *Putnam* v. *Hollender, supra,* Judge BLATCHFORD said:

"The answer sets up that the reissue covers more than was described in the specification of the original patent, and is not for the same invention.    There is no evidence to this effect, and there does not appear to be any ground for the assertion."    6 Fed. Rep. 888.

It appears, then, that the question of the enlargement of the scope of the patent was raised and considered in that case, and the determination of the court was that the reissue was for the same invention as the original patent.    I might therefore well rest this case upon the opinion of Judge BLATCHFORD, and the presumption that the several decrees heretofore made sustaining the validity of the De Quillfeldt reissue were fully considered and right.    I have, however, given this question an independent investigation, confining myself, of course, to the first claim of

[1] Not reported.

the reissue, which is the only one here involved. My conclusions I will state briefly.

While a comparison of the two patents evinces that the specification of the reissue is amplified, yet this amplification is in matters of an explanatory nature, and embraces nothing of any importance which is not plainly disclosed in the original specification and accompanying drawings. Clearly the invention set forth in the reissue is the precise invention set forth in the original patent, and the construction and mode of operation described are the same in both. Therefore, it seems to me, that the first claim of the reissue is no broader in scope than the first claim of the original patent, which was in these words:

"The bottle-stopping device, composed of a pivotal lever frame applied to neck of bottle, with eccentrically hinged yoke carrying the elastic stopper and cap-piece, arranged and operated substantially in the manner and for the purpose set forth."

Read, as it must be, in connection with the preceding specification and accompanying drawings, this claim contains the same elements which are contained in the first claim of the reissue, combined and operating in the same way, and producing the same results. This conclusion is supported by *Reed* v. *Chase*, 25 Fed. Rep. 95, a closely analogous case in which a reissue was sustained.

2. Touching the second branch of the plaintiffs' case,—that which relates to the Von Hofe patent, No. 167,141,—little need be said. The stopper manufactured under that patent was held by Judge BLATCHFORD, in the cases heretofore cited, to infringe the first claim of the De Quillfeldt reissue. But the titles to those two patents are now united in the plaintiffs, and the Von Hofe patent, as an improvement upon the De Quillfeldt invention, may well be sustained as against the present defendants. *Cantrell* v. *Wallick*, 117 U. S. 689, 6 Sup. Ct. Rep. 970. That the defendants infringe this patent is, I think, entirely clear. Their bottle-stopper is substantially identical with the Von Hofe stopper. Whatever differences between them may exist are merely formal, and, upon the question of infringement, altogether immaterial. The defense against this patent mainly relied on is based on a prior patent to Von Hofe, No. 163,533, dated May 18, 1875, which the defendants insist is an anticipation of the patent in suit, No. 167,141. But I do not concur in that view. From the mere grant of the patent there arises a fair presumption that there is a substantial difference involving invention between the two patents, and that the later one is for a patentable improvement upon the earlier patent. The defendants, I think, have not succeeded in overcoming or weakening that presumption by anything submitted to me. A preliminary injunction must be granted.