CONSOLIDATED ELECTRIC STORAGE CO. et al. v. ACCUMULATOR
CO.

(Circuit Court of Appeals, Third Circuit.  April 25, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—PRELIMINARY INJUNCTION.

In a suit for the infringement of a patent, which had been upheld by the circuit court of another circuit in a prior suit, it was shown that the defendant company was the successor of the defendant in the prior suit, having the same president, operating the same plant, and doing the same business. Before the hearing of the motion for preliminary injunction, defendant had completed its proofs as to the expiration of a Spanish patent, alleged to be for the same device as that sued on, claiming that such expiration avoided the latter. It appeared that the prior suit had been opened to admit this defense, but the court, after the hearing, refused to suspend the injunction. *Held*, that it was within the discretion of the court in the present suit to grant the preliminary injunction, and require complainant to give bond to indemnify defendant in case the suit were determined in his favor. 53 Fed. Rep. 796, affirmed.

Appeal from the Circuit Court of the United States for the District of New Jersey.

This was a suit by the Accumulator Company for infringement of a patent.  Complainant's motion for a preliminary injunction was granted below, (53 Fed. Rep. 796,) and defendants appeal.  Affirmed.

Wm. H. Kenyon and C. E. Mitchell, for appellants.
Frederic H. Betts, for appellee.

Before ACHESON, Circuit Judge, and BUTLER and WALES, District Judges.

ACHESON, Circuit Judge.  This being an appeal from an interlocutory decree granting a provisional injunction, the only question properly before us for determination is whether or not the legal discretionary power of the court below was fairly exercised under all the circumstances.  It would be altogether premature for us to pass upon the merits of the case, or to consider with a view to a definitive judgment the important and close questions involved in this litigation.  The action of the court below complained of was based upon adjudications of the United States circuit court for the southern district of New York.  Judge Coxe, in Electrical Accumulator Co. v. Julien Electric Co., 38 Fed. Rep. 117, 39 Fed. Rep. 490, after a protracted litigation, at final hearing sustained the first claim of Faure's patent, (here in suit,) and granted an injunction. In a later suit for the infringement of the patent (Electrical Accumulator Co. v. New York & H. R. Co., 40 Fed. Rep. 328) Judge Lacombe granted a preliminary injunction.  Thereafter the Julien Electric Company, which was a New York corporation, ceased to do business, and a New Jersey corporation, the present appellant, (the defendant company below,) was formed; and this new company transferred to New Jersey the plant and business of the New York corporation.  William Bracken, who had been president of the Julien Electric Company, and was a codefendant with it in the first

New York suit, became the president of the New Jersey Company, and is a defendant in the present suit. Whether or not legal privity, strictly speaking, exists between the enjoined New York corporation and the New Jersey corporation, the court below has found, and the fact seems to be, that the appellant company is substantially the old concern, with another name, acting under a new corporate organization. Mr. Bracken's affidavit impliedly concedes that since October, 1891, the appellant company has been doing that which Judge Lacombe held to be an infringement of Faure's patent.

In October, 1891, the Julien Electric Company made application to Judge Coxe to dissolve the injunction which had been granted against that company, on the ground that Faure's American patent had terminated on June 27, 1891, by reason of the expiration at that date of a Spanish patent which had been granted to him. While the court opened the case to admit this new defense, the motion to suspend the injunction was denied by Judge Coxe. Electrical Accumulator Co. v. Julien Electric Co., 47 Fed. Rep. 892.

The bill in this case was filed January 7, 1892. Two days later, notice of a motion for a preliminary injunction was given to the defendants. On January 19th there was an order to show cause. The hearing, however, did not take place until December, 1892. In the mean time the proofs respecting the Spanish patent had been completed, except the putting in of the file wrapper and its contents in Faure's American application, but the other proofs were incomplete. On January 20, 1893, the court made its interlocutory decree granting an injunction, but upon condition that the plaintiff give a bond for $5,000 to secure the defendants against pecuniary damages, if ultimately the decision of the court should be in their favor. The court below regarded the defendants as virtually enjoined by the court of the second circuit, and, without undertaking to express a positive judgment upon the question whether the Spanish and American patents were for the same invention, was of the opinion that the defendants should be held under injunction in this jurisdiction until the rights of the parties should be determined at final hearing. Now, having regard to all the circumstances, we are not prepared to say that this conclusion was unreasonable, or that the granting of an injunction pendente lite upon the terms prescribed was an improvident exercise by the court of its legal discretion. True, in view of the fact that the case was nearly ready for final hearing in December, 1892, the court might well have declined then to hear the motion made the previous January. But it is not satisfactorily shown to us that the plaintiff was responsible for that delay, or was guilty of any laches; and whether the motion should be heard at so late a day was peculiarly a matter for the determination of the judge below, who had personal knowledge of the causes for the delay in taking up the application.

We ought here to state that we deny the appellants' motion for leave to file in this court, as part of the proofs, the file wrapper and its contents in Faure's American application. As this evidence was not before the court below, it ought not to be considered here.

Should a like motion be made in the court below, it will doubtless be granted. Upon the case as now presented, and without intending to intimate any opinion upon questions affecting the final rights of the parties, we affirm the interlocutory decree.