## NEY MANUF'G CO. v. SUPERIOR DRILL CO. et al.

(Circuit Court, S. D. Ohio, W. D. May 27, 1893.)

No. 4,600.

1. PATENTS FOR INVENTIONS—INFRINGEMENT—INJUNCTION—FORMER SUIT.

Although complainant's patent has been upheld in a suit against other parties in which defendants' patent was pleaded, a preliminary injunction against alleged infringement by manufacturing devices under the latter will not be granted when it appears that the former suit was so decided on the ground that there was an estoppel to question the novelty of complainant's patent, so that the validity of defendants' patent was not considered. Goodyear v. Dunbar, 1 Fish. Pat. Cas. 474, followed.

2. SAME—PRELIMINARY INJUNCTION—DELAY.

A preliminary injunction will not be granted in an infringement suit where complainant does not apply for it until two months after his bill was filed, during which time defendant has proceeded to fill up his stock of the alleged infringing articles for the coming season, which lasts but a short time, after which there is no market until the next year.

In Equity. On motion for preliminary injunction in a suit by the Ney Manufacturing Company against the Superior Drill Company and others for the alleged infringement of complainant's patent. Motion denied.

Miller & Pomerene and M. D. Leggett, for complainant.
Paul A. Staley, for respondents.

SAGE, District Judge. The complainant filed its bill for infringement on the 27th of March, 1893. Respondents were served

with process on the 12th of April, and on the 12th of May with notice that on the next day (Saturday, the 13th) an application for an injunction would be made, and that upon the hearing the complainant would file and use affidavits of seven persons named in the notice, copies of which affidavits were served with the notice. On the 13th the application was presented to the court. Counsel for respondents was present with such affidavits and exhibits as he could muster in the short time between the notice and the presentation of the application. Upon his request, further time was given him for the preparation and filing of additional affidavits, the court overruling the objection by counsel for complainant that the delay would give respondents opportunity to dispose of their manufactured stock on hand for the spring and summer trade. The complainant's patent is for an improvement in hay-elevator tracks. It was granted on the 30th of October, 1883, to Jacob Ney, and by him on the same day assigned to the complainant. It was sustained by the circuit court for the northern district of Ohio at the October term, 1887, in the case of the complainant against F. E. Meyer & Bro., and later in the case of the same complainant against Valentine L. Ney. The defendants manufacture a hay-elevator track under letters patent No. 465,287, issued to Jacob Ney, December 15, 1891. It is said in the brief of counsel for the complainant that this patent was pleaded by Valentine L. Ney in the case decided against him. That is true, but it was not referred to in the opinion of the court, which, holding the complainant's patent valid, made out the case against the defendant upon an estoppel which the court held precluded him from denying the patentability of the complainant's invention. That estoppel has no application to the defendants in this case. The validity of the patent under which these defendants are manufacturing was not passed upon in that case. The motion for an injunction will be overruled upon two grounds:

1. Upon the authority of Goodyear v. Dunbar, 1 Fish. Pat. Cas. 474. In that case the defendant claimed under a patent subsequent to the complainant's. Justice Grier, in passing upon a motion for a preliminary injunction, said that the defendant, in virtue of his patent, had a prima facie legal right to manufacture a compound by his process, and that whether that process was a mere colorable change from the older patent, (which is precisely the claim made in this case,) or was the same combination or compound as that described in the complainant's patent, was the great question in dispute between the parties, and that, so far as the judgment of the patent office affected the case, it might be considered as having been decided in favor of the defendant. He declined to grant the motion, and declared that whenever a defendant presented a case showing a bona fide issue in fact or of law, or, as in that case, a prima facie right to continue his manufacture, founded on a decree of the patent office, and a consequent public grant, he would not grant a preliminary injunction, and thus issue execution before judgment. He further said that he would not decide the merits of a bona fide issue in fact on ex parte affidavits, nor anticipate the

final judgment of the court on the legal questions, as if they had been brought out on demurrer, or, it may be added, upon the hearing. There are presented to the court upon this application affidavits of experts and exhibits of letters patent, and the court is asked to consider these ex parte statements, and upon them announce a conclusion, at this stage of the case, whether, on the one hand, the complainant's patent is valid, and, on the other, the defendants' manufacture an infringement. That question will have to go over until the final hearing.

2. A second reason for overruling this motion is that the complainant waited nearly two months after filing its bill, and until it must have known that the defendant would be stocked up with a full supply for the year's business, which is practically over at the close of the haymaking season, and then presented its motion for an injunction. The courts of the United States are vested with power to grant injunctions in patent causes according to the course and principles of equity. It is not according to equity for a complainant to delay the assertion of his right to an injunction until the time when it will most embarrass and injure the respondent. Such a proceeding savors of a disposition to use the right, of a patentee to oppress an alleged infringer, or to force him into a position where he may be compelled to incur heavy losses or to yield to hard demands. The granting or withholding of a preliminary injunction is within the proper discretion of the court. It will be withheld when apparently sought for the purpose of obtaining an undue advantage. It has been withheld when, in the opinion of the court, it would be used for the purpose of creating mischief, (Neilson v. Thompson, 1 Webst. Pat. Cas. 275;) or when it would give the complainant the means of coercing a compromise, (Parker v. Sears, 1 Fish. Pat. Cas. 93;) and so I think it should be here, where the result of granting it now would do more harm to the respondents than good to the complainant, whereas, if the application had been made promptly, special harm to the respondents would have been avoided.

The costs of the motion will be taxed against the complainant.