KOHLER et al. v. GEORGE WORTHINGTON CO. et

(Circuit Court, N. D. Ohio. E. D. November 6, 1896.)

1. PATENTS—SUBSEQUENT ISSUE—PRESUMPTION OF NONINFRINGEMENT.
    The granting of a subsequent patent relating to the same art raises a presumption that the device thereof does not infringe a prior patent.

2. SAME—CURRYCOMBS.
    The Plant patent No. 220,986 for an improvement in currycombs *held* not infringed by a currycomb made according to the Du Shane patent No. 407,313.

This was a suit in equity by F. E. Kohler and others against the George Worthington Company and others for alleged infringement of a patent for a currycomb.

Charles R. Miller, for complainants.
Wm. H. Doolittle, for defendants.

RICKS, District Judge. The complainants bring this suit on letters patent No. 220,986, issued October 28, 1879, to Paschal Plant, for an improvement in currycombs. Complainant alleges that it is the owner of said patent, that the defendants are infringing the same, and it prays for an account and a perpetual injunction. The defendants, in their answer, claim that they are the assignees of James Du Shane, of South Bend, Ind., to whom a patent was issued on July 16, 1889 (No. 407,313). It appears from the pleadings and testimony that nearly 13 years intervened between the grant of the Plant patent and the commencement of this suit. The defendants in their answer allege that no currycombs were in fact ever made under complainant's patent, and that they have no plant or establishment for the manufacture and sale of such currycombs. The complainant's own expert admits that he has never seen a comb made as shown and described in said patent. The defendants' expert says: "I have never seen any of the Plant currycombs upon the market." The defendants, in their answer, aver that the alleged improvement of the complainant "hath never been applied to any practical use by the patentee or his alleged assignor, and that currycombs embodying the said alleged improvement are not in the market, nor to be obtained: and that said alleged letters patent have not been acquiesced in by the public or by the trade, because the said improvements are of no value."

The defendants are not manufacturers, but are venders and dealers in hardware supplies, and in this line of business deal in currycombs made under the Du Shane patent by the Spring Currycomb Company, of South Bend, Ind. It is a little significant that no combs were made under the complainant's patent for 13 years, and that this suit was brought to interfere with the sale of combs made by a responsible manufacturing concern. The infringement ought to be very clear, and the rights of the complainant made very plain, before the patent should be sustained or an injunction be allowed.

I have examined the briefs of counsel, and, not deeming it necessary to pass upon the question of the validity of the complainant's patent, I go at once to the question of infringement, because I think upon this point the complainant has failed wholly to make out its case. The very respects in which, by its specifications, its exhibits, and the opinion of its expert, its patent is deemed to be valuable, are wholly wanting in the defendants' device. The complainant's comb, it is said, was invented and constructed and sold in the spirit of humanity, to prevent the skin of animals being broken and bruised, or the animals roughly treated, when their hair and skin was be-

ing combed. All this is accomplished by making the comb flexible, so as to yield to the lumps and hollows of the animal's body and hide. In these respects the defendants' comb is entirely different. It is more rigid, constructed more in the nature of the currycomb generally in use, and could be used in the very inhuman and cruel respects referred to by the complainant. The complainant's patent was granted in 1879. The patent which it is claimed infringes complainant's patent was granted in 1889. The patent office had before it the complainant's patent and all other patents showing the state of the art when the Du Shane patent was granted. The presumption of noninfringement referred to by the circuit court in the case of Ney Manuf'g Co. v. Superior Drill Co., 64 O. G. 1133, 56 Fed. 152, arises in this case, and has not been overcome by any testimony on the part of the complainant. I think, therefore, no infringement is shown, and the bill must be dismissed for want of proof upon this point.