**TABER BAS–RELIEF PHOTOGRAPH CO. et al. v. MARCEAU et al.**

(Circuit Court, N. D. California.   May 17, 1898.)

No. 12,258.

1. PATENTS—IMPROVEMENTS—CONSTRUCTION OF CLAIMS.
Where the parties to a suit are operating under different patents, each of which is for a mere improvement in a well-known art, each must be confined to the precise method mentioned in its claims.

2. SAME—INFRINGEMENT.
Infringement is determined, not by the result accomplished, but by the means employed in attaining that result.

3. SAME.
The only material difference between two patents for producing embossed pictures or photographs was that in one the picture was transferred to the block, and then carved out therein, while in the other the outline was cut on the block, and the picture then carved out, following a picture set up in front of the carver. Held, that there was no infringement, each patent being for a mere improvement.

4. SAME—EMBOSSED PHOTOGRAPHS.
The Taber patent, No. 556,591, for improvements in methods of producing embossed photographs, is not infringed by the process described in the Marceau patent, No. 567,748, for a process of producing photographs in relief.

This was a bill in equity by the Taber Bas-Relief Photograph Company and others against Theodore C. Marceau and others for allegea infringement of a patent covering a method of producing embossed photographs.

John H. Miller, for complainants.
John L. Boone, for defendants.

MORROW, Circuit Judge.   This is a suit in equity for infringement of letters patent No. 556,591, dated March 17, 1896, issued to Freeman A. Taber, for "improvements in methods of producing embossed photographs." It is conceded that the patent was assigned to the Taber Bas-Relief Photograph Company, and that the Taber Photographic Company is the licensee of the former.   The only party defendant is Theodore C. Marceau, the other defendants being fictitious parties.   The defendant, Theodore C. Marceau, denies, in his answer, any infringement of the Taber patent, but admits that he has been engaged in the production and sale of photographs in bas-relief, and in that connection avers that he is the inventor and patentee of a novel process and method of producing such photographs, which is protected by letters patent No. 567,748, dated December 15, 1896, issued to him, for a "process in producing photographs in relief." At the hearing the complainants introduced the letters patent under which they claim an infringement, and several exhibits, to illustrate their method of producing embossed pictures or photographs.   They also introduced the deposition of a witness as expert testimony in their behalf.   The defendant presented no evidence, beyond introducing in his behalf the file wrapper of his patent.   No specific act of infringement has been shown.   In fact, the question of infringement resolves itself into a consideration of whether or not the defend-

ant, in producing and selling photographs in bas-relief under his patent, is guilty of infringement. The witness called as an expert by the complainants testified to the effect that he was a solicitor of patents, and that he had examined the two letters patent introduced in evidence, viz. that of the complainants and of the defendant, and that the invention of the defendant was, in his opinion, an infringement of the complainants'. Whatever weight may be given to this expression of expert opinion, the question of infringement is one for the court, to be exercised upon its own independent judgment, and upon a comparison of the two patents. An examination of both patents shows that each purports to be for improvements in the method of producing embossed photographs, or photographs in bas-relief. Neither of the patentees is a pioneer in the art of producing photographs in bas-relief. The following patents show that the same method is substantially covered: United States letters patent No. 242,414, issued to William H. Guilleband, of Hoboken, N. J., dated May 31, 1881, entitled, "Process of Producing Photographs in Relief;" United States letters patent No. 520,707, issued to Mario Russo, of Rome, Italy, dated May 29, 1894, entitled, "Art of Reproducing Objects in Relief or Intaglio by the Aid of Photography;" United States letters patent No. 298,921, dated May 20, 1894, issued to Savillion Van Campen, of Jersey City, N. J., entitled, "Decorative Tile." Each of the patentees in the present suit is therefore but an improver in the art. It follows that this is a case where, in view of the state of the art, a patentee is only entitled, at the most, to the precise method mentioned in his claim. Boyd v. Tool Co., 158 U. S. 260, 261, 15 Sup. Ct. 837. There is but one claim in the Taber patent, which is as follows:

"The method of embossing photographs, which consists in transferring a print to the surface of a block, forming an embossing mold in said block in conformity with said print, providing the block with a frame to form the register for the prints and mold, trimming the prints to fit within said frame, and pressing the print into the mold, substantially as set forth."

The claims of the Marceau patent are as follows:

"(1) The method herein described for preparing intaglio blocks for the purpose of forming relief pictures, consisting in cutting an outline of the picture to be thrown up in relief, pasting the same upon the inner surface of the glass or other smooth-surfaced mold, filling the mold with a plastic substance which will afterwards set and harden, then removing the hardened material from the mold, disengaging the picture from its surface, and engraving the surface to correspond with the portions of the picture which are to be thrown up into relief. (2) The method of throwing photographic pictures up into relief, consisting in cutting out one of the set of pictures, fixing it upon the inner surface of a mold, filling the mold with a plastic material which will afterward set and harden, removing the hardened block from the mold and disengaging the picture therefrom, engraving an intaglio to correspond with the outline left by the removed picture, then using the outer portion from which the picture has been cut as an outline by which the other pictures are accurately registered upon the engraved block, and pressing the portions coincident with the engraved surface thereinto so as to throw them up into relief when removed from the block. (3) The method of forming photographic pictures in relief, consisting in cutting out one of a set of pictures, and outlining it upon a block formed by hardening a plastic mass within a mold, engraving an intaglio upon the block to correspond with said outline, then registering the other pictures upon the block, and pressing the portions coincident with the engraved surface thereinto."

From these claims, and a description of both patents as contained in the respective specifications, it appears that the purpose of both patents is the same, viz. to produce an embossed picture or photograph, and that the principal parts or functions of both methods are for the most part substantially similar. The only material difference between the two is that by complainants' method, as covered by the Taber patent, the picture to be embossed is transferred to a block, and then carved out in the block, while by the defendant's method, as covered by his patent, the outline of the picture is cut on the block, and the picture is then carved out, following the picture, which is set up in front of the carver. This difference in the two methods of transferring the pictures upon the blocks for the purpose of carving them out is, in my opinion, sufficient to distinguish the two patents, and to defeat any claim for infringement. It is true that the result accomplished, viz. an embossed picture, is the same with both methods. But infringements are not determined by the result accomplished. It is the means by which that result is attained which is determinative and controlling upon a question of infringement. Carver v. Hyde, 16 Pet. 513, 519; Le Roy v. Tatham, 14 How. 156; Corning v. Burden, 15 How. 252; Burr v. Duryee, 1 Wall. 531; Fuller v. Yentzer, 94 U. S. 288; Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81. To constitute infringement, there must be identity in means, not merely in purpose, function, or effect. 3 Rob. Pat. p. 46, § 893, and cases there cited. Besides, the patent issued to the defendant, the complainants' assignor (the Taber patent), not being a pioneer invention, is entitled to a prima facie presumption in favor of its patentability. Boyd v. Hay-Tool Co., 158 U. S. 260, 261, 15 Sup. Ct. 837; Putnam v. Bottle-Stopper Co., 38 Fed. 234; Ney Mfg. Co. v. Superior Drill Co., 56 Fed. 152; Kohler v. George Worthington Co., 77 Fed. 844. It does not appear that the defendant has infringed by using or following the method covered by the Taber patent, and in this view of the case it would seem to be unnecessary to pass upon the question whether either Taber or Marceau invented anything. inasmuch as both are restricted, as above stated, to the exact and specific devices or methods claimed by them, and the complainants have failed to show that the defendant has used the particular method to which they may be deemed entitled. From these views, it follows that the bill must be dismissed, and it is so ordered.