BLAKEY et al. v. NATIONAL MFG. CO. et al.

(Circuit Court of Appeals, Third Circuit. June 1, 1899.)

No. 15.

**1. PATENTS—PRELIMINARY INJUNCTION.**
    A preliminary injunction should be refused when infringement is not clearly established.

**2. SAME—DEVICE FOR PROTECTING SCREW THREADS OF PIPES.**
    A preliminary injunction upon claim 1 of patent No. 440,168, for a device for protecting the screw-threaded ends of pipes, denied, because infringement was not clearly shown.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

W. L. Pierce, for appellants.
Thomas W. Bakewell and E. A. Lawrence, for appellees.

Before ACHESON and DALLAS, Circuit Judges, and BRADFORD, District Judge.

DALLAS, Circuit Judge. This is an appeal from a decree of the circuit court of the United States for the Western district of Pennsylvania, refusing a preliminary injunction to restrain the alleged infringement by the appellees of the first claim of letters patent of the United States No. 440,168, dated November 11, 1890, which claim is as follows: "(1) The device for protecting the screw-threaded ends of pipes, consisting of a band provided with flanges on each end of the band, and adapted to engage the screw threads of the pipe, substantially as set forth." The only question which we have felt ourselves called upon to consider is that of infringement, and we do

not, in the present situation of the case, deem it desirable to enter upon a discussion of it.   It is sufficient for the present purpose to say, as has often been said before, that a preliminary injunction should never be awarded where the right is doubtful, or the wrong uncertain, and that the infringement here charged has not been clearly established.   American Nicholson Pavement Co. v. City of Elizabeth, 4 Fish. Pat. Cas. 189, Fed. Cas. No. 312.   Consolidated Electric Storage Co. v. Accumulator Co., 5 C. C. A. 202, 55 Fed. 485; Van Camp Packing Co. v. Cruikshanks Bros. Co., 33 C. C. A. 280, 90 Fed. 814; Williams v. McNeely, 56 Fed. 265.   The question of infringement, as it was presented in the prior adjudications. which have been brought to the attention of the court, is not identical with that which arises upon this record.   It is, of course, possible that upon final hearing the complainants may appear to be entitled to the relief which they seek; but that, upon the proofs as now submitted, the court below erred in refusing a preliminary injunction, the only legitimate purpose of which is to preserve the existing state of things until the rights of the parties can be thoroughly investigated, we cannot adjudge.   The decree is affirmed.