AMERICAN FUR REFINING CO. et al. v. CIMIOTTI UNHAIRING CO. et al.

(Circuit Court of Appeals, Third Circuit. November 14, 1902.)

No. 42.

1. PATENTS—ORDER GRANTING PRELIMINARY INJUNCTION—REVIEW ON APPEAL.
On appeal from an interlocutory order granting a preliminary injunction against infringement of a patent, the order being made for special reasons after a hearing on full proofs and pending the consideration thereof, the question of infringement will not be determined on its merits, but the court will confine itself to the question whether the legal discretionary power of the court below was fairly exercised under all the circumstances, and upon such question the fact that complainant was required to give ample security, and defendant was given the privilege of dissolving the injunction by furnishing counter security, is entitled to consideration.

Appeal from the Circuit Court of the United States for the District of New Jersey.

Henry Schreiter and Wm. Rumsey, for appellants.
Louis C. Raegener, for appellees.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This is an appeal from an interlocutory order entered on August 28, 1902 ( [C. C.] 117 Fed. 623), granting a preliminary injunction against the defendants below (the appellants) restraining them from "making, operating, using, or selling unhairing machine like or similar to twenty-five certain unhairing machines which in April, 1902, the defendants were operating at No. 26 Morris street, Jersey City, and referred to in this suit as 'Lake Machines'; and from directly or indirectly making, operating, or selling machines like or similar to machines as claimed in the eighth claim of J. W. Sutton's patent, 383,258, of May 22, 1888." The order was upon condition that the complainants give a bond with ap-

¶ 1. Review of interlocutory decree granting or refusing injunction in circuit court of appeals, see notes to Consolidated Piedmont Cable Co. v. Pacific Cable Ry. Co., 3 C. C. A. 572; Southern Pac. Co. v. Earl, 27 C. C. A. 189; Emigration Co. v. Gallegos, 32 C. C. A. 484.

proved surety in the sum of $15,000 to indemnify the defendant corporation, "until the entry of an interlocutory decree upon final hearing herein, against loss or injury due to the improvident or erroneous grant of this order, and provided the court finally dismisses the bill of complaint herein." And the order further provided that the defendants might terminate the preliminary injunction by giving bond with approved surety in the like amount conditioned for the payment by the defendant corporation of any final judgment or decree against it which might be rendered by the court in favor of the complainants. The order was granted after the hearing of the case upon the merits on full proofs, and pending the consideration thereof by the court. The special reasons assigned by the judge for granting the injunction are: First, the recent decisions in the Second circuit in the cases of Cimiotti Unhairing Co. v. American Unhairing Mach. Co. (C. C. A.) 115 Fed. 498, and Same v. Comstock Unhairing Co. (C. C.) Id. 524, sustaining the Sutton patent, and adjudging infringement of the eighth claim thereof; and, second, because (upon the moving affidavit) "there is much to suggest that the plaintiffs in the present case are dealing with the very same parties as before under a new corporate name, and transposed to a convenient neighboring locality." Undoubtedly, this means parties who had been defeated in suits brought by these plaintiffs upon the Sutton patent in the Second circuit. In Consolidated Electric Storage Co. v. Accumulator Co., 3 U. S. App. 579, 580, 5 C. C. A. 202, 55 Fed. 485, which, like the present case, was an appeal from an order granting a preliminary injunction, this court said:

"This being an appeal from an interlocutory decree granting a provisional injunction, the only question properly before us for determination is whether or not the legal discretionary power of the court below was fairly exercised under all the circumstances. It would be altogether premature for us to pass upon the merits of the case, or to consider, with a view to a definitive judgment, the important and close questions involved in this litigation."

In the present case we see no reason for departing from the rule thus laid down. The case is now in the hands of the learned judge below, who heard it upon the merits, and who states in his opinion granting the preliminary injunction that his purpose is to look into the subject anew, and form an individual judgment of his own. We are entitled to the benefit of his views upon the serious question whether or not the defendants' machines infringe the patent in suit, and upon the merits of the case generally under the plenary proofs. We therefore will confine ourselves to the single question whether or not the court erred in granting the preliminary injunction. Having regard to the special circumstances, and in view of the proofs to sustain the motion for a preliminary injunction, we are not prepared to hold that the order complained of was improvidently made. The condition for security imposed upon the complainants and the privilege accorded to the defendants to dissolve the injunction by giving counter security show a cautious exercise by the court of its legal discretion. We are not convinced that the court erred in granting the preliminary injunction upon the terms prescribed. Therefore, and without intending to intimate any opinion as to the final rights of the parties, we affirm the interlocutory order.