### STAR CO. v. COLVER PUB. HOUSE.

(Circuit Court, S. D. New York. August 30, 1905.)

COURTS—UNITED STATES COURTS—PROCEDURE—PRELIMINARY INJUNCTION.
 It is the rule in the federal courts that a preliminary injunction will not be granted unless the papers present a clear case.

In Equity. On motion for preliminary injunction.

Clarence J. Shearn and Edward A. Freshman, for complainant. Archibald Cox, for defendant.

HOLT, District Judge. The rule is well settled in the federal courts that a preliminary injunction will not be granted except when the papers present a clear case. Stevens v. Missouri, K. & T. Ry. Co., 106 Fed. 771, 45 C. C. A. 611; Blakey v. National Co., 95 Fed. 136, 37 C. C. A. 27. In my opinion, this case is not clear, but doubtful. The application is based on two grounds—the alleged violation of a trade-mark, and unfair competition. In the first place, I think it doubtful whether there can be a trade-mark in the word "American" or "Magazine," or in a combination of the two. Moreover, the thing sold which infringes a trade-mark must obviously be substantially similar to the thing entitled to the trade-mark. The defendant publishes a magazine. The complainant publishes a supplement or addition to its Sunday issue of a daily newspaper. It seems to me that it is merely a part of a newspaper, and not a magazine. Indeed, as I understand the title, it is not called a magazine. It is called "The American Magazine Supplement"; that is, a supplement or addition to the usual issue of the newspaper, containing matter the general character of which is or aims to be similar to that published in a magazine. The word "Magazine" in this title appears to me to be an adjective qualifying the word "Supplement," and not itself an independent noun. It also seems equally dubious to me whether any successful case can be made out of an unfair competition in business. I cannot see, upon a consideration of the facts shown in the moving papers, and upon an inspection of the different publications, how the magazine published by the defendant can ever be mistaken for the supplement published by the plaintiff, either by readers or advertisers, or any persons whatever.

A preliminary injunction would obviously cause considerable damage to the defendant. Under all the circumstances, the motion is denied.