WESTINGHOUSE ELECTRIC & MFG. CO. v. CUTTER ELECTRICAL & MFG. CO.

(Circuit Court, E. D. Pennsylvania. December 5, 1906.,

No. 5.

PATENTS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A preliminary injunction to restrain infringement of the Wright & Aalborg patent, No. 633,772, for an automatic circuit breaker, denied, on the ground that, under the evidence and the construction placed on the patent in prior litigation between the parties, infringement by defendants new device was doubtful.

In Equity. On motion for preliminary injunction.

Kerr, Page & Cooper and Robert W. Archbald, Jr., for complainant. Joseph C. Fraley, for defendant.

HOLLAND, District Judge. This motion for a preliminary injunction is based on patent No. 633,772, granted on September 26, 1899, to the complainant's assignees, Wright & Aalborg, for an improvement in automatic circuit breakers. It was before this court in a former suit, and is reported in 136 Fed. 218. The case was appealed to the Circuit Court of Appeals, and it was there held that the device which the defendant in this suit was then manufacturing and putting upon the market was an infringement of the complainant's patent. See 143 Fed. 966.

In the former suit the Court of Appeals found that the invention of Wright &. Aalborg was not a primary one; it is a combination, and all the elements are old. They have been used in the art long prior to the issuance of the patent in question. Before the Court of Appeals the defendant contended that the pivot called for in the claims 2 and 5 was the pivot B, and that the shunt contact member consisted of carbon block, 7, its frame, 18, and the long arm, 20. The complainant contended that the movable shunt contact consisted of the carbon block, 17, and its frame, 18; that the pivot referred to in the claim was pivot

A, and that claims 2 and 5 were not limited to a construction involving the arm, 20. The Court of Appeals took the view of the complainant, basing its decision on three grounds: (1) That there was nothing in the language of claims 2 and 5 to restrict them to the pivot, B; (2) that the pivot, A, was essential to the practical operation of the apparatus, and therefore the said claims should be construed to include it; and (3) that the pivoted arm, 20, was expressly made an element of claims 1 and 3, but was omitted from claims 2 and 5. See opinion of Court of Appeals, 143 Fed. 966. The court also held that the contention of the defendant that it had eliminated from its structure the loose and yielding connection at point B, which is an important feature of the complainant's patent, was not in fact true, but that this function was accomplished by the slot, 7, in which its movable laminated contact member was pivoted, and these two devices the court held to be equivalent mechanical arrangements.

Subsequent to the decision by the Court of Appeals, the defendant set about to place upon the market a type of circuit breakers which did not infringe the complainant's device, and submitted a modified form to the complainant, with the information that it (the defendant) intended to place it upon the market in order that it might be able to continue its business. Upon an examination of the modified breaker, this bill was filed, and the complainant moves the court for a preliminary injunction, claiming the modified device is an infringement the same as the one previously manufactured by the defendant, and bases its claim for the injunction upon prior adjudication between the parties, which they must accept with all its limitations.

We do not intend to discuss in detail the difference between the defendant's prior device and the modified machines now before us, other than to say, however, that the pivots in the shunt of the defendant's former device, the slot affording the motion of translation, and the toggle joint have all disappeared from the modified forms. This fact we think gives additional importance to the Hewlitt patent, and, in view of the further fact that there is now before us two patents which were not considered in the former case, to wit, a British patent, issued to Drake & Gorham July 10, 1889, and the Scott patent, issued August 18, 1903, together with the proofs in opposition to the motion for this injunction, there is sufficient, in our judgment, to raise a doubt as to the right of the complainant. The rule of law applicable under these circumstances is aptly stated by Judge Dallas, in the case of Blakey v. National Mfg. Company, 95 Fed. 136, 37 C. C. A. 27:

"It is sufficient for the present purpose to say, as has often been said before, that a preliminary injunction should not be awarded where the right is doubtful, or the wrong uncertain, and that the infringement here charged has not been clearly established."

Injunction refused.