## BENJAMIN MOORE & CO. v. AUWELL.

(Circuit Court, E. D. New York. January 3, 1908.)

TRADE-MARKS AND TRADE-NAMES—INFRINGEMENT—PRELIMINARY INJUNCTION.
Where, in a suit to restrain defendant from using the name "Muresco" to indicate a wall finishing product sold in competition with complainant's product, called "Murafresco," defendant submitted affidavits claiming a prior use of defendant's word in the trade for a similar product and a general use of combinations of the stem of the Latin word "murus" with various terminations, no adjudication having been had in favor of complainant, a preliminary injunction would be denied under the rule that such a writ will not be granted except when the papers present a clear case.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, § 108.]

Clifton V. Edwards (Robert Goeller and Jacob H. Shaffer, of counsel), for complainant.

Archibald Cox, for defendant.

CHATFIELD, District Judge. This motion is for a preliminary injunction against the defendant, which is putting upon the market a wall finishing product called "Murafresco." The complainant has for some time sold, and has built up a considerable trade in a product which it has named "Muresco." This name of "Muresco" is not only well known, but is a component part of complainant's trade-mark, which could have been used with reference to all of the complainant's products. The complainant, however, has not sold its wares generally under the guise of Muresco products, but has made the word known to the trade generally as a cognomen for the wall finishing article alone. Affidavits claiming a prior use of the word "Murafresco" in the trade for a similar product, and a somewhat general use of combinations of the stem of the Latin word "murus," with the various terminations, have been submitted by defendant. The rule that no preliminary injunction will be granted "except when the papers present a clear case" has often been stated, and is set forth in a case much like the present in principle, viz., Star Co. v. Colver Pub. House (C. C.) 141 Fed. 129. No adjudication in favor of the complainant has been had in any court, and no decision upon a motion like the present can be made, without in effect deciding the merits of the action upon affidavits, rather than upon the testimony which shall be hereafter taken upon the trial of the cause.

The motion for a preliminary injunction, therefore, should be denied.