CIMIOTTI UNHAIRING CO. et al. v. AMERICAN FUR REFINING CO. et al.

AMERICAN FUR REFINING CO. et al. v. CIMIOTTI UNHAIRING CO. et al.

(Circuit Court of Appeals, Third Circuit.  February 10, 1909.)

No. 48.

1. INJUNCTION (§ 239*) — WRONGFUL INJUNCTION—LIABILITY—LIMITATION BY BOND.

Where a federal court, as a condition to the granting of a preliminary injunction, required complainant to give a bond in a stated sum to indemnify the defendant against loss or injury due to the improvident or erroneous grant of such injunction, the liability of the complainant, as well as the surety, is limited to the amount of such bond, and neither further damages, interest, nor costs can be awarded in addition thereto.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 542; Dec. Dig. § 239.*]

2. EQUITY (§ 409*)—FINDINGS OF MASTER—PRESUMPTIONS SUPPORTING.

The conclusions of a master on matters of fact have every reasonable presumption in their favor, and are not to be set aside or modified, unless there clearly appears to have been error or mistake on his part.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 920-923; Dec. Dig. § 409.*]

Cross-Appeals from the Circuit Court of the United States for the District of New Jersey.

For opinion below, see 158 Fed. 171.

S. L. Moody, for appellants.

Henry Schreiter, for appellees.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge.  These are cross-appeals from an order in a patent case, which was entered on February 20, 1908, upon the coming in of the report of the master, who had been appointed on February 9, 1904—

"to ascertain and report to the court what loss and damages defendants had suffered, if any, by reason of the granting of the preliminary injunction against them on the 28th of August, 1902, and until the entry of the interlocutory decree entered herein on the 21st day of February, 1903."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The preliminary injunction here referred to had been granted—

"upon condition that complainants give a bond with good and sufficient surety or sureties, to be approved by the court, in the sum of $15,000, to indemnify the defendant corporation, until the entry of an interlocutory decree upon final hearing herein, against loss or injury due to the improvident or erroneous grant of this order, and provided the court finally dismisses the bill of complaint herein."

Accordingly the complainants gave a bond of the Lawyers' Surety Company of New York, by which that company undertook—

"in the sum of fifteen thousand dollars, to indemnify the defendant corporation in the above-entitled matter so enjoined, until the entry of an interlocutory decree upon final hearing herein, against loss or injury, not exceeding the said sum of fifteen thousand dollars, due to the improvident or erroneous grant of this order, and provided the court finally dismisses the bill of complaint herein; such loss or injury and damages therefor to be ascertained as the court shall direct."

This court affirmed the order for a preliminary injunction (118 Fed. 838, 55 C. C. A. 513); but it reversed the subsequent decree sustaining the bill (123 Fed. 869, 59 C. C. A. 357), and this reversal the Supreme Court upheld on May 15, 1905, in Cimiotti Unhairing Co. v. American Fur Refining Co., 198 U. S. 399, 25 Sup. Ct. 697, 49 L. Ed. 1100. On June 8, 1907, the master reported:

"That the loss and damages suffered by the defendants by reason of the granting of the preliminary injunction against them on the 28th day of August, 1902, and until the entry of the interlocutory decree entered herein on the 21st day of February, 1903, amounts to $18,406.70."

But the decree under review, which is copied at length in the margin,[1] reduced that amount to $15,000; and now on the one side it is insisted that this sum is less, and on the other that it is more, than it ought to be.

---

[1] The master, appointed by the order of this court, entered herein on the 9th day of February, 1904, and directed by this order "to take proofs in the case, to ascertain and report to the court what loss and damages defendants had suffered, if any, by reason of the granting of the preliminary injunction against them on the 28th day of August, 1902, and until the entry of the interlocutory decree entered herein on the 21st day of February, 1903," having filed his report on the 7th day of June, 1907, and this report having been considered by me, together with the complainants' exceptions filed on the 6th day of July, 1907, and the defendants' motion to confirm this report, and thereafter an order having been made and entered herein on the 16th day of January, 1908, overruling complainants' exceptions and assessing the damages sustained by the defendant, the American Fur Refining Company, at the sum of fifteen thousand dollars ($15,000), and it appearing that due notice of the hearing before said master was given to the Lawyers' Surety Company, the surety who executed the injunction bond herein given, inviting said company to attend said hearing and cross-examine witnesses produced on the part of the defendants:

Now, on consideration thereof and upon due deliberation, it is ordered, adjudged, and decreed: (1) That the defendant, the American Fur Refining Company, do have and recover from the complainants, the Cimiotti Unhairing Company and John W. Sutton, and from the Lawyers' Surety Company, the surety on the bond given herein, the sum of fifteen thousand dollars ($15,000), and that the defendant, the American Fur Refining Company, have execution therefor.

The first three specifications on behalf of the defendant below aver, in effect, that the court erred in limiting the amount of the loss and damages recoverable by it from the complainants to $15,000; and the contention in support of this averment is that, though the amount of the bond, which was executed by the Lawyers' Surety Company only, fixes the extent of its liability, yet—

"as against the complainants the defendant corporation is entitled to recover the entire amount of its loss and damages as found by the master; the office of the bond being, as to them, merely that of a collateral security for their fulfilling of the condition 'to indemnify the defendant corporation,' imposed by the court in the order of August 28, 1902."

This contention assumes that the order just mentioned imposed a condition which in terms, at least, it certainly did not impose. Its requirement was not that the complainants must "indemnify the defendant corporation," but that they must "give a bond" to indemnify it; and that these different phrases mean different things is manifest. It may be conceded that, if the injunction had issued in pursuance of a decree expressed to be upon condition that the complainants indemnify the defendant, the defendant would have been "entitled to recover the entire amount of its loss and damages"; but we cannot agree that the requirement of a bond for $15,000 was merely a provision for "collateral security" for the fulfillment of an obligation—implicit, if not express—to indemnify generally and without limitation.

None of the judicial decisions to which we have been referred appears upon examination to sustain the proposition that, where such a bond as in this case is ordered and given, the applicant for a preliminary injunction, if it be erroneously granted and issued, becomes liable for the entire amount of the loss and damage thereby occasioned to the defendant, even where that amount exceeds the penal sum of the bond. For instance, in Meyers v. Block and Meyers v. Isaacs, 120 U. S. 206, 7 Sup. Ct. 525, 30 L. Ed. 642, cited in supposed support of that proposition, the Supreme Court, speaking by Mr. Justice Bradley, said that, though by the law of the state of Louisiana (from whose Supreme Court the cases had come) damages might be recovered for suing out an injunction without just cause, independently of a bond:

"This cannot be done in the United States courts. Without a bond, no damages can be recovered at all. Without a bond for the payment of damages, or other obligation of like effect, a party against whom an injunction wrongfully issues can recover nothing but costs, unless he can make out a case of malicious prosecution. It is only by reason of the bond, and upon the bond, that he can recover anything."

The present case, of course, is not one of malicious prosecution; and therefore nothing would have been recoverable, but for the condition prescribed by the order granting the injunction, and the bond given in compliance therewith, for without these any damages resulting from the issuance of the writ would have been attributable wholly to the judgment of a competent court, and therefore damnum absque injuria.

The remaining specification on behalf of the defendant below avers that:

"The court erred in holding that the decree should not include interest and costs, in addition to the sum fixed, as the maximal amount that can be assessed against the complainants for the loss and damages sustained by the defendant by reason of the injunction, as against the said complainants, the Cimiotti Unhairing Company and John W. Sutton."

In our opinion, however, the court below was clearly right in not adding interest or costs to the sum named in the injunction bond. It limited the total liability (for interest as well as principal) to $15,000, and provided for the ascertainment of the actual amount thereof as the court should direct; and even a court of equity, whose discretion as to costs is generally controlling, would, we think, exceed its authority if, as to proceedings taken under such a provision, it ordered a payment of costs to either party. As was said by Mr. Justice Bradley, supra, it is only by reason of the bond that a party against whom an injunction wrongfully issues can recover anything; and therefore it is difficult to see how the claim of the defendant for interest and costs, not nominated in the bond, could possibly have been allowed.

In the brief submitted in support of the appeal of the complainants below, it is said that the substance of their assignment of errors is:

"The failure of the court to find that at the time of the preliminary injunction the defendant had machines not shown to be covered by the injunction which would enable it to continue its business without interruption by reason of the preliminary injunction; that with these machines defendant could readily handle all its business, or at any rate it could handle a very large proportion thereof, and defendant has failed to show how much could not be so handled."

Upon the point thus made it is unnecessary to enlarge. The master, in dealing with it, observed that the injunction had in terms restrained the use, not only of certain designated machines, but also of "like or similar" machines; and he found as a fact that the particular machines which it was claimed, and is now asserted, the defendant could and should have used, were like or similar to those specifically mentioned in the writ, and accordingly he held as matter of law that they were included in its inhibition. This conclusion of law was unquestionably right, and we have not been convinced that the finding of fact upon which it rested was erroneous. As was said by the learned District Judge:

"The well-settled rule is that the conclusions of a master on matters of fact have every reasonable presumption in their favor, and are not to be set aside or modified, unless there clearly appears to have been error or mistake on his part. Tilghman v. Proctor, 125 U. S. 149, 150, 8 Sup. Ct. 894, 31 L. Ed. 664; Callaghan v. Myers, 128 U. S. 666, 9 Sup. Ct. 177, 32 L. Ed. 547; Crawford v. Neal, 144 U. S. 596, 12 Sup. Ct. 759, 36 L. Ed. 552; Davis v. Schwartz, 155 U. S. 636, 15 Sup. Ct. 237, 39 L. Ed. 289; Girard Insurance Co. v. Cooper, 162 U. S. 538, 16 Sup. Ct. 879, 40 L. Ed. 1062."

In view of this rule, we think the court below would not have been warranted in setting aside the finding of fact to which we have referred, and that therefore this court, of course, should not do so.

The decree of the Circuit Court is in all things affirmed, with costs upon each appeal against the party appellant therein.