### ÆOLIAN CO. v. CUNNINGHAM PIANO CO.

(District Court, E. D. Pennsylvania. August 3, 1917.)

#### No. 1715.

PATENTS ☞297—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

A patentee the validity of whose patent has been determined by adjudication or its equivalent is entitled to a preliminary injunction against its infringement in the absence of a showing of some defense which makes his right doubtful.

In Equity. Suit by the Æolian Company against the Cunningham Piano Company. On motion for preliminary injunction. Motion granted.

George D. Beattys, of New York City, and Joseph C. Fraley, of Philadelphia, Pa., for plaintiff.

Michael D. Hayes and Francis M. McAdams, both of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. The person to whom letters patent have been issued has a prima facie right of property in his invention. The right, however, is open to challenge, and the validity of the patent, if challenged, must be established before the patentee has a right to its enforcement. When, however, the question of validity has been in good faith determined in his favor, the right conferred by law is no right unless the law also upholds the owner in its exercise. The right may thus be determined by adjudications or by their equivalent in general acquiescence. No one except parties and privies are bound by the one, and no one by the other. All other disputants of the right have on their side the right to have the question determined as against them. At the stage at which the parties in the instant case have arrived, the question is not one of the rights of the parties as they will be determined on final hearing, but the present status with respect to the rights asserted and denied. That of which we are in search is a modum vivendi during litigation. The rights of the parties under the ad interim conditions are just as much rights as those accorded them after final hearing and just as dependent upon equitable considerations and legal principles. A patentee who claims the right to forbid another to make, use, or vend a device must establish the validity of his claim before the law will enforce the prohibition. One who asserts a right to appropriate that which has by law been determined to be the property of another must

respect such right of property until his right of appropriation has been established. This is merely "a working rule," and demands submission to any practical hardship which may result, compensation for which is made by the one in whose favor in the first instance the rule works being made answerable to the other who is finally found to have been in the right. The rule is only invoked when one of the litigants or the other must be left in possession pendente lite. Which it shall be is to be determined as is any other question. One recognized principle is that of the prima facie right. Another is the preservation of what is known in law Latin as the "statu quo." Still another is the existence of a substantial doubt of the right of plaintiff. All these and other expressions to be found in the adjudged cases are nothing more than the features which in different cases have been emphasized. The real conclusion reached in awarding an interlocutory injunction is that under all the facts and equities so far appearing in the cause the plaintiff should be left in the undisturbed assertion of his claimed right until it is determined that his claim is groundless, subject to his liability to make good any loss thereby sustained by others. A patentee the validity of whose patent has been determined by adjudication or its equivalent may invoke the benefit of this rule with peculiar force. On general considerations the writ now asked for should be granted. The only inquiry left is whether anything has been made to appear which takes this case out of the general rule. It has been urged upon us with earnestness and force by counsel for defendant that these differentiating features do exist. The observation that in view of the prior art the defendant's use of its mechanism is sanctioned by what has long been done is prima facie met by the admitted fact that for 15 years the piano trade has recognized and admitted the claimed exclusive property rights of the plaintiff. The further suggestion that the defendant is within the rule followed in Ney v. Drill Co. (C. C.) 56 Fed. 152, Welsbach v. Incandescent Co. (C. C.) 100 Fed. 648, Williams v. McNeely (C. C.) 56 Fed. 265, Blakey v. Mfg. Co., 95 Fed. 136, 37 C. C. A. 27, and other cases, in that it also is manufacturing under an issued patent, is met by the double fact [not only] that the right of the defendant to all the rights granted by its patent is not disputed, but that in the very application for this second patent a claim to a property right in plaintiff's invention was rejected by the Patent Office, and the rejection accepted by the second patentee on the express ground that the invention belonged to the plaintiff by a prior grant. The rule invoked on the strength of Electric Co. v. Hall, 114 U. S. 87, 5 Sup. Ct. 1069, 29 L. Ed. 96, Cawood Patent, 94 U. S. 695, 24 L. Ed. 238, McCormick v. Talcott, 61 U. S. (20 How.) 405, 15 L. Ed. 930, and many other cases that a mere result cannot be patented and that one man may use in combination elements taken from the prior art to accomplish a result without trespassing upon the proprietary rights of another man who had previously hit upon another combination for producing the same result, is of no aid to the defendant for the like reason that it has been decreed that the plaintiff has a proprietary right in the use of a mechanism which is in conflict with the mechanism which the defendant is using or one like it. It is not necessary to find now

that the plaintiff has the right claimed nor to deny to defendant its privilege to seek to establish the counterclaim of right set up by it, but it is found that the claimed right of plaintiff in so far established that it should be left undisturbed in its assertion until final decree. The correlated principle for which Shepard v. Carrigan, 116 U. S. 593, 6 Sup. Ct. 493, 29 L. Ed. 723, and other cases are cited that as between two improvers (no pioneer invention being involved), each claiming a combination, there is no infringement if the combinations are not the same, or, in other words, may be differentiated, is inapplicable to this case because the claimed application is based upon the admitted fact that all but one of the elements in plaintiff's mechanism are old, ignoring the appearing fact that the one is novel, and this one is of the essence of plaintiff's invention and of defendant's infringing mechanism. The distinction between the case at bar and the cases of combination claims cited by defendant's counsel is well illustrated by the action of the Patent Office in allowing the claims of the Kennedy patent application so far as not in conflict with the claims of the Young previously granted patent. The error of the defendant in its reliance on the Kennedy patent and its denial of the patentability of the Young invention rests substantially upon viewing the Kennedy patent as if it included the claims which were rejected and treating the Young patent as if its claims had been disallowed. It may be assumed for our present purposes arguendo that defendant will succeed upon final hearing in having the Young patent found to be invalid. As to this we express no opinion, contenting ourselves with a statement of the conclusion reached, as before stated, that the Young patent did in fact issue, and that it has (in equivalency) been adjudged valid and that the plaintiff is entitled to be protected by preliminary injunction in the status of its rights as thus established until final decree. Infringement of these prima facie rights being also found, and indeed in practical effect not denied, an injunction may issue as prayed on the present motion upon the giving of the usual bond. A formal decree to this effect may be submitted, its special terms and the amount of the bond to be settled by the court if not agreed to by the parties.