## DAVIS *v.* FREDERICKS.

*(Circuit Court, S. D. New York. January 2, 1884.)*

1. **PATENTS FOR INVENTIONS—PATENTABILITY.**
   Letters patent No. 84,803, granted to Thomas B. Davis, on December 6, 1868, for an improvement in scoops, *held* to embody a patentable invention.
2. **SAME—CALCULATION AND EXPERIMENT CONTRASTED WITH MECHANICAL SKILL.**
   A result which required calculation and experiment beyond mechanical skill and good workmanship is entitled to be classed as inventive. A new thing produced, better for some purposes than had been produced before, although it appears easy of accomplishment when seen, is such success as is within the benefits of the patent law.
3. **SAME—PUBLIC USE.**
   Where an inventor gives another an article embodying his invention, and, without his knowledge or consent, it is shown to others, who manufacture and sell the same for two years prior to an application for a patent, this will not constitute a public use within the meaning of the acts of 1836 and 1839, and render the patent void

In Equity.

*Andrew J. Todd,* for orator.

*Charles F. Moody,* for defendant.

WHEELER, J.   This suit is brought upon a patent granted to the orator, numbered 84,803, dated December 6, 1868, for an improvement in scoops.   The defenses relied upon are want of invention, and prior public use.   The orator appears to have made the invention in the fall of 1865, and. to have made application for the patent June 6, 1868.   The first scoops, so far as shown, were struck up by hammering, in one piece, except the handle.   Then they were made of sheet-metal, cut into shape in one piece, bent up, and fastened at the joints, ready for the handle.   They had oval surfaces, and would not rest firmly and hold their contents securely when set down.   The orator's scoop was made from one piece of sheet-metal, cut into such peculiar shape that when bent up and fastened it had a flat surface on which it would rest when set down, full or partly full, so as to hold the contents securely; and the acting parts were well shaped and strengthened in making them of this form.   To fix upon the necessary pattern for the sheet-metal to produce this result must have required calculation and experiment beyond the. practice of mere mechanical skill and good workmanship.   It seems to be entitled to be classed as inventive.   A new thing was produced, better for some purposes than had been produced before, although many skilled workmen had been practicing the making of those known before, and making as good as they could without reaching this.   He hit upon this while no one else did, although it appears to be easy of accomplishment when seen.   This success seems to be within the benefits of the patent law.

From the evidence it appears that the orator showed his invention to one Ray, and gave him a scoop embodying it, and afterwards another at his request, but not to sell.   Without the orator's knowledge he gave them to others, who commenced making them for sale, so that they were in public use and on sale, but without his consent or allowance, more than two years prior to his application.   It is not considered that this being in public use and on sale without the consent or allowance of the inventor invalidates the patent, under the acts of 1836 and 1839, by force of which it was granted, and by the construction of which its validity is to be determined.   *Campbell* v. *Mayor, etc., of New York,* 9 FED. REP. 500.   The case of *Shaw* v. *Cooper,* 7 Pet. 292, cited for the defendant upon this point, arose under the act of 1800, (2 St. at Large, 37,) in which it was provided that every patent which should be obtained pursuant to that act for any invention, art, or discovery which it should afterwards appear had been known or used previous to the application, should be utterly void, and is not an authority upon this question.   In *Egbert* v. *Lippmann,* 104 U. S. 333, the language of the opinion of the majority of the court, as well as that of Mr. Justice MILLER, dissenting, seems to

favor the view that consent or allowance of the inventor is necessary to invalidate the patent under these acts, although this question was expressly left open.

Let there be a decree for the orator, with costs.