### GAISMAN et al. v. GALLERT.

(Circuit Court, S. D. New York. January 12, 1901.)

**1. PATENTS—CONSTRUCTION OF CLAIMS.**
When the claims of a patent are open to two constructions, one of which destroys, while the other saves, the patent, the court will not hesitate to adopt the latter, especially as against one who has certainly copied and is using the invention.

**2. SAME—INFRINGEMENT—WAIST BELTS.**
The Gaisman patent, No. 542,306, for an improvement in waist belts (claims 1 to 5), construed, and *held* valid, and to include as a part of the fastener or holding device claimed the button holders shown in the preferred method of construction, and also *held* infringed.

In Equity. Suit for infringement of patent. On final hearing.

The patent in suit is No. 542,306, granted to Henry J. Gaisman, assignor of one-half to Ferdinand S. M. Blun, for an improvement in waist belts for men and women. The specification says: "My invention provides convenient means for firmly holding the belt and trousers in the desired position relatively to each other, so that the belt or garment cannot fall below or work up above the fixed proper position; also, when desired, can afford such connecting means as to conceal from the outer view of the belt the existence of such means and leave the outer facing of the belt undisturbed with the appearance of an ordinary belt. With my invention suspenders may be worn or omitted. The belt may be worn without making use of the invention. Trousers are generally supplied with suspender buttons. It is common to provide each side of the front with two buttons and two buttons in the back; but they are liable to vary in their distance apart and in their positions forward and backward. My invention provides means for allowing each button or its connecting means to adjust itself laterally to requirements. It also allows a belt of a given size to adjust itself to a wide range of sizes of waist. My belt holds itself in such a position as to cover and conceal the joining line of the upper and lower garments. * * * The engagement of the buttons with the button holder is reliable and can be effected rapidly. It insures the required position of the belt and upper edge of the trousers, so that the upper edge of the trousers is concealed under the belt. While the details of construction shown in the drawings are the ones I prefer, they are subject to modifications which would not depart from the spirit of the invention and are intended to be included by the claims. The form of holder and its means of engaging and disengaging with the button may be varied within wide limits. The stay and metal facings may be varied in form, proportions, and material. The slot or guideway need not be straight. It may obviously be curved, waved, or variously formed. Instead of the outer portion of the belt being thicker than the inner portion or lining the conditions may be reversed. I can dispense with the lining and attach to the main or outer body of the belt a horizontally-formed guide or slotted piece of metal or suitable material, which shall carry the button or button holder." The first five claims of the patent are involved. The claim chiefly relied on is the third, which is as follows: "(3) As a new article of manufacture, a flexible belt having secured thereto a series of fasteners each provided with a horizontal slot open at one end, said fastener being located on the inner face of the belt, and being spaced apart, and means located at the open end of said slot to prevent the spontaneous removal of the button through the open end of the slot under ordinary conditions of use, but arranged to allow the button to be removed by a direct pull when required, all substantially as herein specified." The answer alleges the usual defenses of lack of novelty and invention. The defense principally relied upon at the argument and in the brief is that if the claims are given the limited construction required by the prior art the defendant does not infringe.

T. F. Bourne, for complainants.
E. M. Marble, for defendant.

COXE, District Judge (after stating the facts). What Gaisman invented and secured by the claims in issue was a flexible belt capable of easy adjustment and so constructed as to cover and conceal the joining line of the shirt and trousers of a man and the waist and skirt of a woman. The third claim may be considered as fairly representing the others. It is intended to secure as a new article of manufacture a flexible belt having secured thereto (1) a series of fasteners spaced apart and located on the inner face of the belt, (2) each fastener being provided with a horizontal slot open at one end, (3) means located at the open end of said slot to prevent the spon-

taneous removal of the button, but to permit its removal by a direct pull. Many prior inventors had the same object in view as Gaisman and it is not surprising that in stating the purpose of their inventions they have used language similar to his. There is, however, nothing in the prior art which shows his method of solving the problem. The prior structures appear to have had a transient and partial success, whereas Gaisman's has been very generally adopted. It is not necessary to examine the prior art in detail for the reason that it is not pretended that the patent is anticipated by any of the references. In the opinion of the court the defendant's best reference is the patent of Van Duzer. The horizontal slot of this patent is shown on the outside of the belt, but this difference is immaterial as one has but to turn the belt over in order to have a slot on the inside. The device, however, operates in an entirely different manner from the complainants' fastener. It is clumsy and one that can never become popular. It lacks simplicity and ease of operation. It requires time and care to locate the button in the slot and the disengagement is equally difficult. In the Sanders belt the metallic loops are seen on the outside of the belt. The loops are detachably fastened to the trousers buttons by means of a jaw or clamp. The device has none of the distinctively novel features of the Gaisman invention. The serious inquiry seems to be not whether the claims have been limited by the prior art but whether Gaisman has himself so limited them that they include neither his own nor the defendant's device. The specifications and drawings show two ways in which the invention may be practiced. First, with a button holder sliding in a horizontal channel, and, second, with the holder omitted and the button engaging directly with the channel. Precedence is clearly given to the first of these mechanisms. The second is mentioned in a single paragraph of the description as an alternative construction and is shown in only one figure of the drawings—the eighth and last. And yet it is asserted that none of the claims covers what the patentee evidently considered the principal feature of his invention.

The court is unable to perceive how the proceedings before the patent office materially affect the present controversy. The effort there was to avoid the Van Duzer reference, it being thought for a time that the longitudinal slot in the plate there shown met Gaisman's open slot and method of applying it as shown in Fig. 8. On March 25, 1895, amended claims to obviate the objections of the examiner were submitted with a memorandum which states as follows:

"The claims as now presented seem to us to clearly avoid the references, for the reason that in Van Duzer a direct pull on the button will not carry it through the slot in the fastening as said fastening has no open ended slot."

Five days afterwards the patent was allowed. It was not necessary to omit the button holder in order to avoid Van Duzer. Van Duzer does not show a button holder or anything approximating one; he shows nothing but a closed longitudinal slot in which the suspender button can slide after being locked in. This slot either an-

ticipated Fig. 8 or it anticipated nothing. There was nothing in the patent office proceedings which required the omission of the button holder as a condition precedent to obtaining a patent. It is inconceivable that the patent-office officials could have believed the patent valid for the open slot of Fig. 8 and void for the features shown in the other figures. In Fig. 8 the engagement with the button is made directly, in the other figures it is made through the medium of an ingenious holder adapted to fit buttons of all sizes and slide easily in the guideway. The specification says:

"When the button is connected directly, it occupies a position similar to the plate H [bottom plate] of the button holder."

Two propositions are advanced in support of the contention that the claims are not infringed. First: The claims must be construed so narrowly that no structure will infringe in which the patented device is not "copied and reproduced in its minutest details." Second: The defendant's structure does not infringe unless a button holder is "read into" the claims, which, upon the facts in proof, the law will not permit. If the first of these propositions be accepted nothing but a Chinese copy will infringe, and if the second be accepted it is doubtful if even a Chinese copy will infringe. If the contention be correct that the claims do not cover the device when a button holder is employed it follows that any one can with impunity appropriate the exact device shown in Figs. 2, 3, 4 and 5 of the drawings. The proposition is somewhat startling on its face and should be supported by exceedingly cogent reasoning. If there be a way compatible with reason and common sense to avoid a construction which declares that a patent granted by the government has no claim which protects the invention, that way should be found and followed. It is thought that neither of the defendant's propositions can be maintained. Although the complainants are not entitled to a broad construction they are entitled to a construction which covers plain and palpable imitations of their improvement, and they are also entitled to a liberal reading of the claims when they are attacked by one who is most certainly using the invention. That the claims are capable of the construction asserted by the defendant may well be conceded, but it is thought that they are also capable of the construction urged by the complainants. When forced to choose between a construction which destroys and one that saves the patent the court should not hesitate to adopt the latter. Winans v. Denmead, 15 How. 330, 341, 14 L. Ed. 717; Machine Co. v. Lancaster, 129 U. S. 263, 9 Sup. Ct. 299, 32 L. Ed. 715; Hoyt v. Horne, 145 U. S. 302, 309, 12 Sup. Ct. 922, 36 L. Ed. 713. If the claims relate solely to the structure shown in Fig. 8 there is no infringement; if, on the contrary, the words "fasteners" and "holding device" of the claims be held to refer to "the button holders J" there is no difficulty in finding infringement, for the defendant's button holders contain every feature of this holder.

The defendant operates under a patent to Schwarz which was rejected upon reference to the patent in suit. In reply to the examiner's criticisms the solicitors wrote:

"Applicant gets all the functions of Gaisman's preferred construction and more, with the exception that the applicant's plate is permanently attached, whereas Gaisman's is removable."

In other words, the defendant's device was claimed as an improvement on Gaisman's device, showing the latter and some additional features. The use of the improvement, if it be one, is immaterial so long as defendant uses the patented mechanism. It follows that the complainant is entitled to the usual decree.