KILBURN et al. v. HOLMES et al.

(Circuit Court of Appeals, Ninth Circuit. March 2, 1903.)

No. 847.

1. PATENTS—INFRINGEMENT—USE BY PATENTEE'S CONSENT.

Plaintiff, while holding the office of chief engineer of the board of state harbor commissioners of California, made an invention for improvements in wharf construction, for which he obtained a patent. He subsequently made plans for wharves to be constructed by the board containing his invention, but advised the board that, if such construction was adopted, he claimed a royalty for the use of his invention. A contract was then entered into between plaintiff and the board, reciting such claim, and that the board claimed the right to use the invention without any liability, and providing that the board might use the invention, and in consideration of such use plaintiff would not claim royalty in excess of a sum equal to 10 per cent. of the cost of any wharf on which it might be used, which sum the board agreed to pay in case plaintiff's right should be established by final judgment of a court of competent jurisdiction. Held, that under such agreement plaintiff could not maintain an action for infringement of his patent, in which such infringement was denied, it being essential to such a recovery to prove use of the invention without his consent.

In Error to the Circuit Court of the United States for the Northern District of California.

M. A. Wheaton, I. M. Kalloch, and James H. Budd, for plaintiffs in error.

John H. Miller and Stratton & Kaufman, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and DE HAVEN, District Judge.

DE HAVEN, District Judge. This action was brought to recover damages for an alleged infringement of letters patent numbered 646,-553, for improvements in wharf construction, dated April 3, 1900, issued by the United States to the plaintiff Holmes as inventor and to his coplaintiff, Uhlig, as assignee of a one-half interest in the invention patented. The original defendants were Paris Kilburn, P. J. Harney, and Rudolph Herold, Jr., then constituting the board of state harbor commissioners of the state of California, but before the trial of the action in the Circuit Court P. J. Harney and Rudolph Herold, Jr., having ceased to be members of that board, John C. Kirkpatrick and John D. MacKenzie, their successors in office, were substituted as defendants in their place. The complaint charges that the defendants, without the license or consent of plaintiffs, constructed and used certain wharf structures containing and embracing the invention patented by the said letters patent. The answer sets up several defenses, one of which is a denial of the infringement charged in the complaint. The action was tried by a jury, and a verdict returned in favor of the plaintiffs for the sum of $5,000 damages, and the Circuit Court thereupon gave judgment for that sum in favor of plaintiffs and against the defendants in their representative capacity as members of the board of state harbor commissioners of the state of California. The case is before this court upon a writ of error prosecuted by the defendants.

1. The evidence shows that the plaintiff Holmes made the invention described in the letters patent sued on while he was holding the office of chief engineer of the board of state harbor commissioners. As such chief engineer it was his duty to give to the board the benefit of his professional knowledge as a mechanical engineer, and prepare plans and specifications for the construction of wharves for the state, when so directed by that body. The wharves referred to in the complaint were constructed in accordance with plans and specifications prepared by the plaintiff Holmes after such letters patent were issued, and contain the invention therein described. But before such plans were submitted for its consideration and approval he notified the board of harbor commissioners that, if the plans were adopted, it was his intention to collect from the state a royalty for the use of his invention. After this notice, and before the construction of the wharves mentioned in the complaint, the plaintiffs and the persons then constituting the board of harbor commissioners entered into a written agreement, which, after reciting that the plaintiffs in this action claim the right, as owners of the letters patent sued on, to collect royalty from the state board of harbor commis-

sioners and from the state of California for the use of the methods set forth in the claim under said letters patent, and that the board of harbor commissioners are desirous of constructing certain wharves and piers along the water or harbor front of the city and county of San Francisco, "and claims and asserts the right on its part to use the methods specified in said letters patent without any liability" to the plaintiff therefor, proceeds as follows:

"It is agreed that the said board may forthwith proceed to construct docks, piers, or wharves along said harbor front and upon property within their jurisdiction, using any of the methods under said letters patent, or any part thereof, wherein wooden cylinders or cylinder piers are specified as a part thereof. That in consideration and in case of the use of the methods specified in the letters patent, said second parties [the plaintiffs in this action], upon their part will only make and assert as against the said board of state harbor commissioners, or the state of California, a sum for royalty equal to ten (10%) per cent. of the cost of the construction of any such wharf or pier as may be so constructed. * * * The parties hereto agree that the said second parties shall, upon the adoption of plans and specifications for any wharf or pier containing or including methods covered by the claims of said letters patent, forthwith institute an action against the said board, in any court of competent jurisdiction, asserting their claim to said royalty of ten (10) per cent., and asking judgment against the said board for the amount thereof. * * * Should the court in such action by final judgment determine that said board is liable to said second parties for the royalty specified for its use of any of the methods included in said letters patent in any work so constructed, then it agrees that it will thereupon issue to said second parties a warrant or warrants for the amount so found to be due them by the final judgment or decision of such court, not to exceed ten (10) per cent. of the cost of said wharf, pier, bulkhead, or other work."

When the evidence was closed, the defendants asked the court to instruct the jury to render a verdict in their favor upon the ground, among others stated, that there was no evidence "showing or tending to show infringement by the defendants, or by either or any of them." The motion was denied, and the ruling was excepted to, and is assigned as error. There is no escape from the conclusion that this requested instruction should have been given. Under the pleadings it was incumbent upon the plaintiffs to show that there had been an unauthorized use by the defendants of the invention described in the patent sued on, but the evidence shows without any conflict that in the use of this invention the defendants acted with full consent of the plaintiffs, and under an agreement with them for the payment of a stipulated royalty for such use. It is true that under the agreement the payment of the royalty was to be contingent upon the final judgment of a court of competent jurisdiction, determining the liability of the board of harbor commissioners to pay the same. But the fact that the payment was to be made upon a contingency does not affect the question. What was done by the defendants was done under the agreement and with the full consent of the plaintiffs. This conclusion renders the decision of the question of the implied license claimed by the defendants, and all other questions presented by the assignments of error, unnecessary.

Judgment reversed.