HOLMES et al. v. KIRKPATRICK et al.

(Circuit Court of Appeals, Ninth Circuit. October 17, 1904.)

No. 1,042.

1. PATENTS—ACTION FOR INFRINGEMENT—EVIDENCE.

In an action for infringement of a patent, a written contract between the parties by which it was agreed that defendants might use the patented invention, subject to the payment of a royalty, if plaintiffs' right thereto should be established by the judgment of a court, was admissible in evidence, as tending to show that the use was by plaintiffs' consent, and was therefore not an infringement.

In Error to the Circuit Court of the United States for the Northern District of California.

John H. Miller and Stratton & Kaufman, for plaintiffs in error.

M. A. Wheaton, I. M. Kalloch, and W. H. Davis, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This is an action at law, instituted to recover damages for the alleged infringement of certain letters patent issued by the United States to the plaintiff in error Holmes, in which his co-plaintiff, Uhlig, subsequently acquired an interest. The action was originally brought against Paris Kilburn, P. J. Harney, and Rudolph Herold, Jr., then constituting the State Board of Harbor Commissioners; but their terms of office having expired after the bringing of the suit, and the present defendants in error having been appointed in their stead, the latter were duly substituted as defendants to the suit. The first trial of the action resulted in a verdict in favor of the plaintiffs in error for $5,000 damages, upon which verdict judgment was given against the defendants to the action, by whom the case was brought here on writ of error, resulting in the reversal of the judgment and the remanding of the case for a new trial. Kilburn et al. v. Holmes et al., 121 Fed. 750, 58 C. C. A. 116. Upon its second trial in the court below, the jury impaneled in the cause returned a verdict for the defendants, under a peremptory instruction from the court based upon the former decision of this court. The latter was based upon the fol-

lowing written agreement entered into between the parties, which was introduced in evidence on the first trial without objection:

"This agreement, made and entered into this eighth day of October, 1900, between Paris Kilburn, P. J. Harney, and Rudolph Herold, Jr., comprising the Board of State Harbor Commissioners, the first party, and Howard C. Holmes and Carl Uhlig, of the city and county of San Francisco, State of California, the second parties, Witnesseth:

"That, whereas, the said second parties claim as the owners of certain United States letters patent, numbered 646,553, dated April 3, 1900, for certain improvements in the construction of wharves and like structures, the right to collect royalty from the said Board, and from the State of California, for the use of the methods set forth in the claims under said letters patent; and

"Whereas, the said first party is desirous of using certain of the methods set forth in the claims of said letters patent, and of constructing certain wharves and piers along the water or harbor front of the city and county of San Francisco, by the use of wooden cylinders and cylinder piers, and claims and asserts the right on its part to use the methods specified in said letters patent without any liability to the said second parties therefor—

"Now, therefore, it is agreed that the said Board may forthwith proceed to construct docks, piers or wharves along said harbor front and upon property within their jurisdiction, using any of the methods under said patent, or any part thereof, wherein wooden cylinders or cylinder piers are specified as a part thereof;

"That in consideration and in case of the use of the method specified in said letters patent said second parties upon their part will only make and assert as against the said Board of State Harbor Commissioners of the State of California a sum for royalty equal to ten (10) per cent. of the cost of construction of any such wharf or pier as may be so constructed.

"The term wharf or pier as herein employed as the basis for royalties is understood to include all cylinders, piers, caps, stringers, planking, fender-piles, fender-lines, in fact, everything except pavement on the wharf or piers or any structure that may be erected thereon.

"The parties hereto agree that the said second parties shall, upon the adoption of plans and specifications for any wharf or pier containing or including methods covered by the claims of said letters patent, forthwith institute an action against the said Board, in any court of competent jurisdiction, asserting their claims to said royalty of ten (10) per cent., and asking judgment against the said Board for the amount thereof. The parties agree that they will, as far as possible, determine upon the facts to be submitted to the court, but that in the event of the failure to agree upon any fact or facts, then the court shall determine the same by taking testimony as in other cases.

"Should the court in such action by final judgment determine that said Board is liable to said second parties for the royalty specified for its use of any of the methods included in said letters patent in any work so constructed, then it agrees that it will thereupon issue to said second parties a warrant or warrants for the amount so found to be due them by the final judgment or decision of such court, not to exceed ten (10) per cent. of the cost of said wharf, pier, bulkhead, or other work.

"That parties hereto agree that each shall have the right to present any claim or defense to said action, or in the same, or against the parties thereto, which they may have, except that said Board will not make the defense that it cannot be sued in a court of this State or of the United States.

"That said parties further agree that they will hold harmless the members of said Board from any individual liability to them, or for damages personally for the user of any of the methods specified in said letters patent, and also any contractors, materialmen, or others operating under said Board, for the construction of said wharves, piers, bulkhead, or other work, pursuant to said plans and specifications, but that their claim will be altogether against the said Board, and against the members composing the same in their official capacity.

"Said second parties further agree that they will make no claim for royalty or damages in addition to the said ten (10) per cent. in each case, either against the said Board, or against the State of California, for the user of any of the methods specified in said letters patent.

"It is, however, understood that should the first party, after the final determination of the action to be instituted as aforesaid, desire to commence any additional work using said letters patent, then and in that event the second parties shall not be limited in their claim for royalties or damages to any ten (10) or other per cent. upon the cost of such additional work.

"This agreement shall inure to the benefit of, and bind, the assignees, successors, and representatives of the parties hereto.

"In witness whereof, the said parties hereto have caused these presents to be executed, and the seal of said Board of State Harbor Commissioners to be attached thereto, and to be countersigned by its secretary, all at the city and county of San Francisco, the day and year first above written."

In disposing of the case on the first hearing, this court said:

"Under the pleadings it was incumbent upon the plaintiffs to show that there had been an unauthorized use by the defendants of the invention described in the patent sued on, but the evidence shows without any conflict that in the use of this invention the defendants acted with full consent of the plaintiffs, and under an agreement with them for the payment of a stipulated royalty for such use. It is true that under the agreement the payment of the royalty was to be contingent upon the final judgment of a court of competent jurisdiction, determining the liability of the Board of Harbor Commissioners to pay the same. But the fact that the payment was to be made upon a contingency does not affect the question. What was done by the defendants was done under the agreement and with the full consent of the plaintiffs. This conclusion renders the decision of the question of the implied license claimed by the defendants, and all other questions presented by the assignments of error, unnecessary."

On the second trial in the court below, the agreement of October 8, 1900, was offered in evidence by the defendants to the action, and was objected to by the plaintiffs on the ground that it was irrelevant, incompetent, and immaterial. The objections were overruled, and the paper admitted in evidence. It is earnestly insisted on behalf of the plaintiffs in error that that ruling was erroneous. We do not think so. The instrument certainly tended to show consent by the plaintiffs to the use by the defendants to the suit of the patented methods in the structures referred to in the pleadings. The effect of the agreement, which speaks for itself, and is not subject to alteration by parol, was another question, to be passed upon by the court after the introduction of the instrument; and its effect was passed upon and declared by this court in its former decision herein, which decision became the law of the case, and was properly followed by the court below on the last trial.

The judgment is affirmed.