SHEPHERD v. DEITSCH et al.

(Circuit Court, S. D. New York. March 9, 1905.)

1. PATENTS—SUIT FOR INFRINGEMENT—PARTIES.

A personal license granted by a patentee to manufacture and vend the patented article, which reserves the right to license one other, and also binds the patentee to prosecute infringers, does not operate as an assignment, and the licensee is not a necessary party complainant to a suit for infringement.

2. SAME—VALIDITY—SUFFICIENCY OF DESCRIPTION.

Where a patentee has pointed out such features as he claims are his invention with sufficient clearness to enable them to be understood by those skilled in the art, the law affords him protection.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 135.]

3. SAME—INFRINGEMENT—BRUSH.

The Shepherd patent, No. 601,405, for a brush having a reticulated back, the openings extending through between the rows of bristles, having the greatest diameter at the rear of the brush "and decreasing in diameter to the face thereof," the object being to facilitate the cleaning and drying of the brush, was not anticipated, and discloses an improvement of utility. While limited by the prior art, it is not to be so restricted as to require the openings to decrease in diameter continuously from the back to the face of the brush, but is entitled to a fair range of equivalents. The essential feature of the invention being to leave the larger amount of material on the side of the back in which the bristles are inserted, the beveling of the openings at the back, so that they are wider there than on the face, is within the patent, and such construction infringes.

4. SAME—ABANDONMENT OF APPLICATION.

The failure of an applicant for a patent to further prosecute his application after it has been rejected by the examiner for anticipation does not operate as an abandonment of the invention, nor an acquiescence in the ruling, where it was caused by his lack of funds.

In Equity. On final hearing.

Briesen & Knauth and Arthur v. Briesen (Hans v. Briesen, of counsel), for complainant.

Joseph L. Levy, for defendants.

HAZEL, District Judge. This suit is brought by the patentee upon a bill which alleges infringement of United States letters patent No. 601,405, issued March 29, 1898, to Robert B. Shepherd, which relates to brushes wherein the back is reticulated, or perforated, the openings or slots extending through the back of the brush between the bristles substantially at right angles to the plane of the back, "so that the brush may be readily cleaned and maintained

in a clean condition." The defenses are anticipation, noninfringement, and nonjoinder of necessary party complainant.

The first point for decision is whether the Celluloid Company, an alleged exclusive licensee, is an indispensable party complainant. Upon the expiration of the original license to that company, which was for a term of three years, and which did not in terms transfer the right to its successors or assigns, a supplemental agreement was made between the patentee and the licensee, which in effect not only modified and qualified the earlier agreement, but also expressly reserved to the patentee the right to license one other person, firm, or corporation to make and sell tooth and nail brushes under the patent in suit. The supplemental agreement contains no provision which prohibits the complainant, within the reserve power, to license a firm or corporation of which he was a member or stockholder. Moreover, the original license and the license to the Martin & Bowne Company obliged the complainant to promptly prosecute infringers of the said patent. Neither of these instruments conveyed any title to the patent. Under these circumstances no exclusive monopoly was granted, but a mere personal license to manufacture and vend the patented article. Oliver v. Rumford Chemical Works, 109 U. S. 75, 3 Sup. Ct. 61, 27 L. Ed. 862; Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504; Troy Iron and Nail Factory v. Corning, 14 How. 193, 14 L. Ed. 383; Waterman v. McKenzie, 138 U. S. 255, 11 Sup. Ct. 334, 34 L. Ed. 923; Kilburn v. Holmes, 121 Fed. 750, 58 C. C. A. 116; Hapgood v. Hewitt, 119 U. S. 226, 7 Sup. Ct. 193, 30 L. Ed. 369. It follows that the suit was not improperly brought in the name of the complainant.

The single claim of the patent is in the following words:

"A brush having a reticulated back, the openings in which extend between the bristles, said openings being of the greatest diameter at the rear of the brush and decreasing in diameter to the face thereof, whereby the most material is provided at the face or bristle-receiving side of the brush back."

The crucial question is whether a restricted interpretation must be given to the words "decreasing in diameter to the face thereof," found therein. At the outset it may be briefly stated that the scope of the claim depends upon the character of the invention and the prior state of the art. Admittedly, the field of invention is limited, and the patent is narrow. Brushes having reticulated or perforated backs, the openings extending through between the bristles to the face thereof, were not new at the date of the invention in suit, as may be seen from an inspection of the patents to Ashburner (No. 318,749, dated April 24, 1898), Osborn (No. 457,007, dated August 4, 1891), Maloney (No. 557,844, dated April 7, 1896), British patent to Bidwell & Young (No. 5,948, dated March 21, 1895), British patent to Pedder (No. 2,450, dated August 28, 1867), and British patent to Ashburner (No. 7,467, dated April 8, 1896). The specification of the patent in suit states:

"Heretofore in brushes of this character it has been customary to make each of the openings in the back in the form of a frustum of a cone, with the base of the frusto-conical openings next to the bristles, and the narrowest part of the openings at the rear, or to make the openings of the same extend

[extent] throughout, from the face to the back of the brush back. Great difficulty has been experienced with brushes made in this manner, inasmuch as the least material is provided where the bristles are mounted and where the most material and strength are required. Furthermore, by constructing a brush back with openings in the manner hereinbefore described, it has been found impracticable to mount the bristles near the edge of the brush, so that they will project outwardly from a longitudinal median line, as is illustrated in the drawings."

As will be seen, the primary object of the patentee was to provide means for cleaning the bristles and to strengthen the base of the brush back, to attain which the slots between the rows of bristles have the greatest diameter or width at the rear and the narrowest at the face or bristle-bearing side of the brush back. When the lateral walls or slots are tapered to the face of the brush back, as described, the structure manifestly is provided with pyramidal bases or triangular bars, which enable their adaptation and use for mounting the bristles. Not only are larger spaces furnished in which to mount the bristles, but the task of projecting them in an oblique direction at the edge of the brush is facilitated. By these means a strong and efficient open back brush is produced. Neither tooth brushes nor hair brushes, the class to which the article in controversy belongs, are specifically mentioned in the patent.

In the manufacture of tooth brushes the complainant has departed from the strict letter of his claim. Instead of gradually tapering the lateral walls of the slots to the face or bristle-bearing side of the brush back, the inclination is a short distance only towards, and not actually to, the face thereof. In explanation of this modification, it is shown in the record that, because of the thickness of the brush back and the narrowness of the bars, it is necessary to bevel the openings or slots at the rear of the brush, without, however, actually lessening the diameter of the openings to the bristle side. The deviation from the claim concededly does not alter the functions of the brush, and therefore its materiality is questionable. This modified form of brush back is also the structure adopted by defendants. The defendants contend that the elemental claim, in view of the state of the art and the specification and drawings of the patent, precludes the modification indicated. They insist that as the slots or openings of their tooth brush do not actually decrease in diameter to the bristle end, and because no more material is there provided than at other points between the front and the back, they do not infringe. Is defendant's structure an evasion of the patent in suit, or must the claim be limited to the specific construction shown? Counsel for defendants urges that the language of the claim, namely, "decrease in diameter to the face thereof" must be strictly interpreted to mean a continuous slant to the face of the brush back. This interpretation is thought to be too technical, and a more liberal construction of the words is justified by the character of the invention. Consolidated Fastener Co. v. Columbia Fastener Co. et al. (C. C.) 79 Fed. 795; Consolidated Fastener Co. v. Littauer et al., 84 Fed. 164, 28 C. C. A. 133.

None of the prior patents found in the record embody the construction specified in the claim of the patent in suit. The Maloney,

Osborn, Ashburner, and Pedder patents relate to tooth and hair brushes, and unquestionably are the defendants' best references. The Maloney brush has a slanted wire back, with longitudinal grooves or channels, which are narrowest in the middle of the thickness of the back and increase in diameter toward the face thereof. The least material is supplied at the bristle-mounting side of the brush, and hence it lacks the essential features of the Shepherd patent. The perforations in the Osborn brush are of the same width at both sides of the brush back, the lesser diameter being midway between the face and back. The Pedder British patent is similar to those of Maloney and Osborn, and need not specifically be considered. None of the citations, though examined in connection with the Seufert and Darras patents, Nos. 582,509 and 566,144, respectively, are thought to anticipate the patent in suit. The last-mentioned patents each disclose a pyramidal base for mounting the bristles, and while the greater amount of material is supplied to the bristle-receiving side of the brush back, neither of them are reticulated or perforated. Although belonging to the same art, they are for an entirely different purpose, namely, for cleaning machines, tin cans, etc., and they do not embody the principle of the patent in suit. The Arnold-Ashburner tooth brush discloses several extremely narrow recesses or fissures of equal width extending through the brush back parallel with the bristles. The same quantity of material is provided at the rear and face side of the brush back, and hence the substantial difference between this reference and the patent in suit is clear. If these last-mentioned brushes were shown by the evidence to successfully achieve the object of the Shepherd patent, the inventive skill of the patentee would be rather shadowy. An examination of the Arnold-Ashburner exhibits, and the proofs relating thereto, indicates a failure to accomplish the beneficial results intended. After the brush is used, the narrow grooveless slits retain the water through the action of capillary attraction, and obviously the bristles were thereby prevented from easily drying. The retained moisture, on account of the ingredients of dentifrice and tooth powder, tended to cause the brushes to become unsanitary and unwholesome. Wider uniform longitudinal openings, on the other hand, would have weakened the base of the brush and loosened the bristles. The slanting slots or openings of the brush of the patent in suit apparently act as a guide to the flow of the water to the bristles and provide a method for keeping them clean and expediting the process of drying.

The defects of the prior art are clearly indicated by the witness De Angelo. He testified substantially that, because of the ingredients used in connection with tooth brushes, they very soon became unsanitary, and the open back style of brush known at the time of the Shepherd patent was unable to meet the requirements. He further states that the peculiar construction of the Shepherd open back brush renders it aseptic and sanitary, because the openings are easily cleaned. Evidence was also given tending to show that tooth brushes of the Ashburner style were neither salable nor serviceable. The prior art does not show a structure possessing

the advantages of the patent in suit. Shepherd's invention was an improvement which successfully carried a principle into effect. By it he chiefly desired to strengthen the bristle-bearing part of the brush, and also to facilitate the flow of the water to the bristles through suitable openings in the back, in order to maintain them in a clean and dry condition after use. These results he seems to have accomplished, though others skilled in the art have failed, and therefore his patent, within a limited range, is thought to be entitled to protection.

Stress is laid upon the action of the Patent Office in twice rejecting the application. That the claim finally granted was narrow must be admitted. Such a restricted construction, however, as is contended for by defendants, applied to an extremely narrow art, in view of the beneficial results achieved, is not, as already indicated, thought to be warranted, although the question is not free from doubt. The principle of the patent should not be disregarded, where it fairly appears that a meritorious invention is described, and where the infringer has substantially adopted the method of carrying the principle into effect. The general rule is stated in Gaisman et al. v. Gallert (C. C.) 105 Fed. 955:

"When forced to choose between a construction which destroys and one that saves the patent, the court should not hesitate to adopt the latter." Winans v. Denmead, 15 How. 330, 14 L. Ed. 717.

An examination of the record in connection with the file wrapper fairly indicates that what the patentee claimed was means whereby the most material is provided at the bristle-receiving side of the brush. The words of the claim, "to the face thereof," according to the Century Dictionary, may also be understood as meaning "in the direction of," etc. The patentee has pointed out with sufficient clearness such features as he claims is his invention. The rule is that, if the skilled in the art are thereby enabled to discover the new features, the law affords protection to the inventor. In my opinion it makes no difference that the slant of the walls is not carried down to the face, even though the altered terms of the claim employs language to that effect.

My attention is not called to any brush having a reticulated back wherein the openings taper to the face, or toward the face, so as to provide the bristle side of the brush with the most material. This conception undoubtedly belongs to the patentee. He was the first to disclose beveled longitudinal openings in brush backs in connection with providing the most material at the bristle side thereof. The essential features of the patent are retained in complainant's modified tooth brushes. It is material that there is also as large a quantity of material in other portions of the base or bars as at the face of the brush. It is a familiar rule that patentable machinery, for example, in many instances requires changing of parts and forms to adapt the same to the principle of the invention. The Shepherd patent is not a primary patent, and is not entitled to a great liberality of construction; but, in view of the failures of the prior art and of the novelty and utility of the invention, a fair range of equivalents is thought to be permissible. Davis v. Fredericks

(C. C.) 19 Fed. 99, 21 Blatchf. 556; Emerson Electric Mfg. Co. v. Van Nort Bros. Electric Co. (C. C.) 116 Fed. 974; Acme Flexible Clasp Co. v. Cary Mfg. Co., 101 Fed. 269, 41 C. C. A. 338; George Frost Co. et al. v. Cohn et al. (C. C.) 112 Fed. 1009. The modified Shepherd brushes are within the scope of the claim, are of patentable novelty, and a new result has been accomplished by the patentee, which is not destroyed by the change in form. The variation in no way effects any change in the purpose, functions, or operations of the brushes.

The record shows that the principle of the Shepherd patent and the manner of carrying it into effect is revealed in defendant's tooth brushes, exhibited in evidence and filed prior to the hearing by order of the court. Defendants seek to escape the charge of infringement by insisting, as heretofore stated, upon an exact reading of the claim, and by denial of infringement in fact because of dissimilarity in defendants' structures. The slight beveling of the defendants' slots, three in number, is not carried down toward the face of the brush as sharply as that disclosed in the form adopted by the complainant. Nevertheless, defendants' exhibits have slots which are widest at the back and narrowest at the face of the brush, and the most material is provided where the bristles are inserted.

But it is insisted that Shepherd on February 1, 1902, filed an application for a brush with apertures between the rows of bristle tufts for convenience in cleaning, and that this feature was held by the Patent Office to be anticipated by the British patent to Pedder, No. 2,450 of 1867. Later the application became abandoned. In explanation of the alleged abandonment, the patentee testified that he was unable to pay for prosecuting such application. The proofs do not show that Shepherd intended to abandon the first application, and his lack of means to prosecute the same cannot be interpreted as an acquiescence in the action of the Patent Office. Robinson on Patents, § 578.

For the foregoing reasons, the defendants must be held to infringe the patent in controversy. The usual decree for an injunction and accounting, with costs, may be entered.