## LUTEN v. MacAFEE et al.

### (District Court, M. D. Pennsylvania.   June 8, 1913.)

### No. 85.

PATENTS (§ 261*)—INFRINGEMENT—LICENSE.

> A defendant cannot be charged with infringement of a patent, when the patented article was sold him by the patentee with license to use the same even though the consideration agreed upon has not been paid.
>
> [Ed. Note.—For other cases, see Patents, Cent. Dig. § 364; Dec. Dig. § 261.*]

In Equity.   Suit by Daniel B. Luten against D. J. MacAfee and S. B. MacAfee.   Decree for defendants.

Jones, Addington, Ames & Seibold, of Chicago, Ill., for complainant.

Mills & Schrier, of Athens, Pa., and Lilley & Wilson, of Towanda, Pa., for defendants.

WITMER, District Judge.   This is a suit brought by Daniel B. Luten against D. J. MacAfee and S. B. MacAfee, doing business under the name and style of the MacAfee Concrete Company, under letters patent Nos. 818,386, 853,202, and 853,203, taken out and owned by Daniel B. Luten, the complainant, upon his invention for reinforcing, by iron and steel rods, concrete arch bridge structures.

The inventions embodied in these patents and covered by the claims thereof were used by the defendants in the construction of a concrete bridge, erected by the defendants for the county commissioners in the fall of 1908 on the depot road over Middle creek, Wyalusing township, Bradford county, Pa.   The bridge was constructed under a contract with the commissioners and under specifications and plans providing as follows:

> "The type of bridge construction contemplated by these plans and specifications is covered by letters patent and applications for letters patent, owned by the National Bridge Company, of Indianapolis, Ind.   Said company will contract with any contractor to furnish the steel specified, with shop work complete, f. o. b. Wyalusing, Pa., together with the necessary working drawings, and the license to erect the bridges specified, for the following amount, to wit: $218."

The National Bridge Company, of which the complainant, D. B. Luten, is president, did furnish the defendants the patented reinforcing steel working drawings and license to erect a bridge; the defendants agreeing to pay the sum of $218, as specified.   There can be no question about the agreement between the Bridge Company, acting

by and through its president, and the defendants as appears from the correspondence in evidence.

The complainant contends, however, though the defendants were supplied with the structural steel, and license to use the same, they have neglected and refused to pay for it. The defendants, on the other hand, contend that they did make settlement for the amount involved with the agents of the National Bridge Company, Messrs. E. R. Booth and W. N. Conger, of Owego, N. Y., claiming to be members of the Owego Bridge Company and Owego Concrete Company. Whether or not this settlement was made, as contended by the defendants, or whether sufficient consideration passed between the parties, by way of settlement, is a matter that may be settled hereafter in a manner affording the defendants the opportunity of trial by jury.

It clearly appears that there has been no wrongful invasion or infraction of the plaintiff's rights under his letters patent. It cannot be said that there was infringement by the defendants in making use of the patented article sold them by the patentee, with a license to use the same in manner contemplated, for a consideration specified; the elements of infringement, the invasion or infraction of plaintiff's rights to the monopoly, being wanting. The infringement of a patent is the unauthorized making, using, or selling of the invention during the life of the patent. There is no infringement where its use is authorized by the owner. Holmes v. Kirkpatrick, 133 Fed. 232, 66 C. C. A. 286; Hanifen v. Lupton, 101 Fed. 462, 41 C. C. A. 462; American Graphophone Co. v. Talking Mach. Co., 98 Fed. 729, 39 C. C. A. 245; Pelzer v. Binghamton, 95 Fed. 823, 37 C. C. A. 288; Sprague Electric R., etc., Co. v. Nassau Electric Co., 95 Fed. 821, 37 C. C. A. 286; Blakey v. National Mfg. Co., 95 Fed. 136, 37 C. C. A. 27; Dibble v. Augur, Fed. Cas. No. 3,879, 7 Blatch. 86; Jordon v. Dobson, Fed. Cas. No. 7,519, 2 Abb. U. S. 398, 4 Fish. Pat. Cas. 232, 7 Phila. 533.

Furthermore, it is not proven or charged in the bill that there is such threatened infringement as entitles the complainant to relief in this court.

The bill is dismissed, at the cost of the complainant.